ELLIS, Judge.
Plaintiff has appealed from a judgment of the District Court which dismissed his suit in which he sought damages for personal injuries and damage to his 1957 Ford automobile as a result of an intersectional collision which occurred within the municipal limits of the city of Crowley, Louisiana, at the intersection of Mill Street and Avenue J on April 17, 1957 at approximately 3:45 p. m. on a dry clear day.
The following stipulations were agreed upon between counsel for plaintiff and defendants:
“1. It is stipulated and agreed that the accident occurred within the municipal limits of Crowley, Louisiana, at the intersection of Mill Street and Avenue J on April 17, 1957, at approximately 3:45 p. m. The weather was dry.
“2. For all purposes of this case it is considered that Mill Street runs east and west and Avenue J runs north and south.
“3. That the plaintiff was proceeding in an easterly direction on Mill Street and the defendant, Neeland McDaniel, was proceeding south on Avenue J.
“4. It is further stipulated that under ordinance No. 752 of the City of Crowley that Mill Street is designated as the right-of-way street of Crowley over Avenue J; however, defendant reserves all rights with reference to the doctrine of pre-emption insofar as same is limited by his pleadings.
“5. It is further stipulated that the total damages sustained by plaintiff for damages to his automobile, pain, suffering, and mental anguish as well as medical bills is the total sum of One Thousand Two Hundred Fifty Dollars, ($1,250.00).
“6. There is pending now in behalf of both defendants exceptions of no cause and of no right of action and that by agreement of counsels this matter will be tried on the merits and the same exceptions are to be referred to the merits.”
On the date of the accident, Neeland McDaniel was driving his brother’s automobile on the latter’s business in a southerly direction on Avenue J and when he came to its intersection with Mill Street, he testified that he came to a stop and looked and saw no traffic coming on the latter street and proceeded slowly at about ten miles per hour into the intersection, and that when he had gotten past the center he was struck by the Ford automobile owned and being driven by the plaintiff, Joyson Richard. On the other hand the plaintiff testified that he was traveling in an easterly direction on Mill Street at approximately 25 miles per hour and when he was within approximately 25 feet of its intersection with Avenue J he saw the McDaniel automobile and he started to apply his brakes but he saw “the front end of his car bend, I figured he was putting his brakes. I let mine go. When I saw him in front of me I tried to put my brakes on.” He also stated that when he hit the McDaniel automobile he was of the opinion that it had reached the center mark or was on the center mark dividing the pavement on Mill Street. Both plaintiff and defendant testified that there were no obstructions to their view.
*226 The accident was investigated by a city patrolman of Crowley, Louisiana, and his testimony in the main was undoubtedly the reason for the dismissal of plaintiff’s suit by the lower court. He testified that when he arrived at the scene he found McDaniel’s car approximately SO feet away from the point of impact, and the plaintiff’s car had spun around and was facing southwest on the right hand or north side of Mill Street. He stated that “I saw where the impact occurred and I could tell this is where it hap-pended because you could see when the cars struck, the tires burned the pavement when they skidded and the dirt fell off of the car,” and he located this point on the south side of the center line. He stated that the tail end of the McDaniel car “was just past the center,” at the time of the impact. Behind the 1957 Ford to the west, he found unbroken skid marks which measured 29 steps or 87 feet.
Using the Lawyers’ Motor Vehicle Speed Chart, the plaintiff in this case was traveling more than thirty miles per hour based upon the 87 feet of unbroken skid marks, and it must be remembered that these marks would have been longer had he not struck and been stopped by the defendants’ car. At thirty miles per hour plaintiff would have been more than 120 feet from the point of impact when he realized that the defendant was going to cross the intersection and it was necessary that he apply his brakes. Evidently the plaintiff was traveling at an excessive rate of speed and did not have his car under proper control. At the time the defendant prepared to enter the intersection had he seen the plaintiff’s car it would have been more than 125 feet away and he would have had a right to assume that he could reasonably and safely cross this intersection, which we believe he could and would have done had not the plaintiff been traveling at an excessive rate of speed. We are also led to believe that defendant’s explanation of why he did not see the plaintiff’s car that “Only probably he was a little bit too far away,” was much nearer to the truth than the plaintiff’s explanation or testimony as to the accident.
We find no negligence on the part of the defendant and no manifest error in the judgment of the lower court and it is therefore affirmed at the cost of the plaintiff.